UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPHINE A. FULKERSON,<br><br>    Plaintiff(s),<br><br>v.<br><br>ANDREW SAUL,<br><br>    Defendant(s). | Case No.: 2:18-cv-00310-JAD-NJK<br><br>**REPORT AND RECOMMENDATION** |

On October 18, 2019, this case was reassigned to the undersigned magistrate judge. Docket No. 19. This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title II of the Social Security Act. Currently before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 13. The Commissioner filed a response in opposition and a cross-motion to affirm, Docket No. 16, and Plaintiff filed a reply. Docket No. 17. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.    STANDARDS**

   A.    <u>Judicial Standard of Review</u>

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in

1

controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ___ U.S. ___, 139 S.Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the Administrative Law Judge ("ALJ") to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may

know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B.  Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 404.1520(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence does not establish a significant limitation of an individual's ability to work. *See* 20 C.F.R. §§ 404.1521, 404.1522. If the individual does not have

a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. § 404.1520(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. Social Security Rulings ("SSRs") 96-8p.[1] In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. SSR 16-3p. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Id.*

in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565. If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(g). If the individual is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.     BACKGROUND**

   A.     Procedural History

On October 16, 2014, Plaintiff filed an application for disability insurance benefits alleging a disability onset date of May 30, 2014. *See, e.g.*, Administrative Record ("A.R.") 149-50. Plaintiff's claim was denied initially on March 13, 2015, and upon reconsideration on August 6, 2015. A.R. 80-83, 85-90. On October 2, 2015, Plaintiff filed a request for a hearing before an ALJ. A.R. 91-92. On September 28, 2016, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ John Cusker. *See* A.R. 33-53. On January 10, 2017, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, through the date of the decision. A.R. 19-32. On December 21, 2017, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-6.

On February 20, 2018, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 1.

B.  The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. A.R. 22-28. At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2019, and has not engaged in substantial gainful activity since May 30, 2014. A.R. 24. At step two, the ALJ found that Plaintiff has the following severe impairments: rheumatoid arthritis. A.R. 24. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 24. The ALJ found that Plaintiff has the residual functional capacity to perform:

> light work as defined in 20 CFR 404.1567(b): She can lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can sit, stand, and/or walk for about 6 hours in an 8-hour workday, with normal breaks. She can occasionally stoop, crouch, crawl, and climb ramps and/or stairs, but can never climb ladders, ropes, or scaffolds. She can frequently perform fine and gross manipulation with her right, dominant hand, and must avoid concentrated exposure to hazards such as unprotected heights and dangerous machinery.

A.R. 24-27. At step four, the ALJ found Plaintiff is capable of performing past relevant work as a supervisor of food cashiers/checkers. A.R. 27-28. Based on all of these findings, the ALJ found Plaintiff not disabled through the date of the decision. A.R. 28.

## III.  ANALYSIS AND FINDINGS

Plaintiff raises a single argument on appeal, contending that the ALJ erred in improperly discounting her testimony. *See* Mot. at 9-15; *see also* Reply at 3-4. The Commissioner responds that the ALJ articulated permissible factors supported by substantial evidence in discounting that testimony. *See* Resp. at 7-12. The Commissioner has the better argument.

The ALJ is required to engage in a two-step analysis to evaluate a claimant's testimony as to his pain and other symptoms: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and (2) if so, whether the intensity and persistence of those symptoms limit an individual's ability to perform work-related activities. *See* SSR 16-3p. In the absence of

6

evidence of malingering, an ALJ may only reject the individual's testimony about the severity of symptoms by giving specific, clear, and convincing reasons. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). Factors that an ALJ may consider include inconsistent daily activities, an inconsistent treatment history, and other factors concerning an individual's functional limitations. *See* SSR 16-3p. If an ALJ's determination to discount this testimony is supported by substantial evidence, the courts should not second-guess that determination. *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012).

In this case, the ALJ discounted Plaintiff's testimony on several grounds, including that it was inconsistent with the medical record and that Plaintiff's rheumatoid arthritis was effectively controlled through medication. *See* A.R. 26-27. The ALJ did not err in doing so. The medical record is replete with findings supporting the ALJ's conclusion that Plaintiff experienced mild and transitory limitations that were effectively controlled with treatment. *See* A.R. 253, 255, 259, 261, 263, 265, 267, 269, 271, 273, 274-75, 295, 297, 201, 303, 307, 310, 312. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Moreover, "[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).[2]

---

[2] The ALJ also noted Plaintiff's daily activities in discounting her testimony. A.R. 26. On appeal, the Commissioner urges that there is no need to reach that factor because any error on that front would be harmless. *See* Resp. at 11. A social security claimant bears the burden of establishing that an ALJ's error prejudiced the outcome of his decision. *See, e.g.*, *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Given the other factors relied upon by the ALJ in discounting Plaintiff's testimony that were supported by substantial evidence, the undersigned agrees with the Commissioner that there is no need to address Plaintiff's daily activities because any error would be harmless. *Cf. Batson*, 359 F.3d at 1197 (any error in ALJ's reference to daily activities in discounting the claimant's testimony was harmless given the other reasons proffered supported by substantial evidence).

Similarly, Plaintiff argues that the ALJ erred in not accounting for side effects from her medications. *See* Mot. at 13. The Commissioner responds that there is no medical record supporting the existence of such side effects, so any error in the ALJ not addressing them was harmless. *See* Resp. at 13. The undersigned agrees with the Commissioner that Plaintiff has not established that any error on this issue would have been harmful.

Accordingly, the ALJ did not err in his evaluation of Plaintiff's testimony.

## IV.   CONCLUSION

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 13) be **DENIED** and that the Commissioner's Cross-Motion to Affirm (Docket No. 16) be **GRANTED**.

Dated: November 15, 2019

Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).